# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |
| ) | Case No. 14 C 6596 |
| v. ) | |
| ) | |
| LESLIE WILLIAMS-OGLETREE, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On August 25, 2014, pro se Petitioner Leslie Williams-Ogletree filed the present motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## PROCEDURAL BACKGROUND

On March 16, 2011, a grand jury returned an indictment charging Petitioner and her two co-defendants, Robtrel White and Larryl White, with various offenses arising from a conspiracy to file false income tax returns in order to fraudulently obtain income tax refunds for the tax years 2005-07. Specifically, Count 1 charged Petitioner with one count of conspiracy to submit false claims to the United States in violation of 18 U.S.C. § 286 and Counts 2 through 6 charged Petitioner with submitting false claims to the United States in violation of 18 U.S.C. § 287. On January 16, 2013, a jury returned a guilty verdict against Petitioner on each count. On May 9, 2013, the Court sentenced Petitioner to concurrent terms of 51 months in prison on each count — which was at the low end of Petitioner's guideline range of 51-63 months.

Petitioner appealed her sentence to the United States Court of Appeals for the Seventh Circuit arguing that the Court erred in calculating the tax loss under U.S.S.G. § 2T1.1(c)(1) and in assessing the sentencing factors under 18 U.S.C. § 3553. On June 3, 2014, the Seventh Circuit affirmed. *See United States v. Williams-Ogletree*, 752 F.3d 658 (7th Cir. 2014). Petitioner then filed this timely motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"). Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

**ANALYSIS**

Construing her pro se § 2255 motion liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Petitioner brings an ineffective assistance of trial counsel claim in violation of the Sixth Amendment. To establish constitutionally ineffective assistance of trial counsel, Petitioner must show that (1) her trial attorney's performance "fell below an objective standard of reasonableness," informed by "prevailing professional norms" and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [the Court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Groves v. United States,* 755 F.3d 588, 591 (7th Cir. 2014) (citation omitted). To establish prejudice, it is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding," instead trial counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Morgan v. Hardy,* 662 F.3d 790, 802 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 687, 693). If Petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See id.* at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant").

**I.      Court's Communication with Probation Officer**

First, Petitioner argues that her trial counsel was constitutionally ineffective because he failed to object to a recess taken at sentencing. Petitioner maintains that she was prejudiced

because during the recess, the Court conferred with the probation officer in chambers without the presence of counsel. Petitioner cannot establish that her counsel's failure to object to this recess prejudiced her because district courts are permitted to consult with probation officers, who are officers of the federal courts, without counsel present. *See United States v. Reyes,* 283 F.3d 446, 455 (2d Cir. 2002); 18 U.S.C. § 3602. In other words, the United States Probation Office is part of the judicial branch of government, therefore, the Court may discuss sentencing issues with probation officers because they serve under the direction of the federal courts. *See id.* at 455-56; *United States v. Veteto,* 945 F.2d 163, 166 (7th Cir. 1991). Therefore, Petitioner's first ineffective assistance of trial counsel claim is without merit.

## II.     Government's Sentencing Exhibit

Next, Petitioner argues that her trial counsel was constitutionally ineffective because he failed to challenge the reliability, authenticity, and method by which the government acquired logs sheets introduced at sentencing. The River Forest Police Department seized the log sheets at issue from the apartment of Petitioner's co-defendant in June 2007. The log sheets tracked the filing of false tax returns for the year 2006. (11 CR 0203, R. 190, Sent. Tr., at 7-10.) At sentencing, the government argued that the tax log sheets, along with other evidence, established Petitioner's participation in the conspiracy and reflected the total loss amount as exceeding $1,000,000. (*Id*. at 26.)

Here, Petitioner cannot establish that her counsel's conduct meets *Strickland's* insufficient performance standard because the Federal Rules of Evidence do not apply at sentencing proceedings, and thus counsel's failure to object to the admission of the tax log sheets was not in error. *See* Fed.R.Evid. 1101(d)(3); *United States v. Ghiassi,* 729 F.3d 690, 695 (7th

4

Cir. 2013) (at sentencing, "the district court is not bound by the rules of evidence and, so long as it is reliable, may consider a wide range of evidence, including hearsay, that might otherwise be inadmissable at trial."); *see, e.g., United States v. Stapleton,* No. 04 C 1303, 2004 WL 1965710, at *3 (N.D. Ill. Aug. 31, 2004). Furthermore, the logs sheets were reliable based on the government's detailed explanation of the method by which the River Forest police seized the log sheets, the entries on the log sheets, and the case agent's work concerning the log sheets. (Sent. Tr. at 7-11.) As such, Petitioner's second ineffective assistance of counsel argument fails.

## III.   Restitution

Petitioner further maintains that her trial counsel provided constitutionally ineffective assistance of counsel by failing to challenge the restitution order in terms of "actual loss and/or intended loss" attributed to her. The Court first notes that defense counsel filed a detailed objection to the Presentence Investigation Report ("PSR"), including objections to the loss amount. (11 CR 0203, R. 160, Objections to PSR, at 2-5, 8.) Counsel also challenged the restitution amounts in Petitioner's sentencing memorandum. (R. 161, Sent. Mem., at 6-7.) At sentencing, the Court considered and discussed Petitioner's PSR objections in detail, along with counsel's arguments regarding the log sheets. In sum, defense counsel rigorously challenged the loss amount, and thus the Court would be hard-pressed to conclude that counsel's performance was constitutionally deficient under *Strickland* as to this aspect of Petitioner's sentencing.

Also, Petitioner argues that counsel erred by failing to request a hearing to identify the victim of the scheme to defraud because as an agency of the United States, the Internal Revenue Service ("IRS") cannot be a victim under the circumstances. Counsel's failure to request a hearing to identify the victim falls within the "wide range of professionally competent

5

assistance," because it is well-established under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, that a governmental agency, such as the IRS, can be a victim. *See United States v. Leahy*, 464 F.3d 773, 793 (7th Cir. 2006). Hence, Petitioner's third basis for her ineffective assistance of trial counsel claim is unavailing.

## IV. Failure to Prepare for Trial

Petitioner also argues that counsel did not properly prepare for trial. In particular, she contends that counsel failed to investigate evidence, including discovery provided by the prosecution, that was crucial to her defense. Petitioner explains that this evidence included her co-conspirator, Robtrel White, paying another individual for aiding him in launching the tax fraud scheme.[1] She further posits that counsel was unprepared for trial because he asked her about witnesses on the Thursday before her trial started on Monday.

Evidence in the record, however, reveals that counsel filed numerous pre-trial motions concerning trial witnesses approximately four to five months before trial started. He also filed evidentiary pre-trial motions, motions to produce evidence, proposed jury instructions, proposed voir dire, and responded to the government's numerous pre-trial motions. At trial, counsel argued that the government witnesses' testimony focused on her co-conspirators' misconduct and that no one had identified Petitioner as being involved in the scheme to defraud. At sentencing, counsel vigorously challenged the government's position that Petitioner participated in the tax scheme in 2007.

---

[1] Petitioner makes numerous arguments highlighting the government's reliance on Robtrel White, along with other instances of the government's alleged errors, without explaining how these errors support her ineffective assistance of trial counsel claim.

As the Seventh Circuit teaches, when determining ineffective assistance of counsel, "[i]t is essential to evaluate the entire course of the defense, because the question is not whether the lawyer's work was error-free, or the best possible approach, or even an average one." *Williams v. Lemmon,* 557 F.3d 534, 538 (7th Cir. 2009). Viewing counsel performance as a whole, Petitioner has not overcome the strong presumption that counsel's performance was constitutionally reasonable under *Strickland*. *See Mendoza v. United States,* 755 F.3d 821, 830 (7th Cir. 2014). Further, Petitioner has failed to argue, let alone establish, that counsel's performance prejudiced her, namely, that but for counsel's errors, there is a reasonable probability that the outcome of her trial would have been different. *See Mosley v. Butler,* 762 F.3d 579, 587 (7th Cir. 2014). Thus, Petitioner's arguments in this respect are without merit.

## V. Mental Health Information in PSR

Next, Petitioner contends that defense counsel provided constitutionally ineffective assistance of counsel because he failed to object to unverified information in the PSR concerning her past mental health care treatment. To give context, Petitioner's PSR shows that the probation officer could not verify information regarding her mental health treatment in 1997 at a hospital that no longer exists. The probation officer, however, did verify other aspects of Petitioner's mental health care treatment.

Counsel's decision not challenge the unverified information or emphasize Petitioner's mental health at sentencing was well within an objective standard of reasonableness under *Strickland*. Petitioner is an intelligent women with a college degree in business and training in tax preparation, who was involved in a sophisticated scheme to defraud.

7

The Court specifically asked Petitioner at her sentencing hearing if she had reviewed the PSR and if she had "any additional comments, corrections, or objections beyond these" raised by her lawyer. (11 CR 0203, R. 190, Sent. Tr., at 3.) Petitioner acknowledged that she had read the PSR and told the Court that she did not have any other comments, corrections, or objections to the PSR. (*Id.*) Under the circumstances, and after observing Petitioner in court throughout her criminal proceedings, the Court cannot say that trial counsel erred by not challenging the unverified information from 1997. Also, her mental health care treatment carried little weight at sentencing under 18 U.S.C. § 3553(a) in light of the seriousness of the offense, her education level and training, and her continued denial of her involvement in the scheme. Accordingly, Petitioner has failed to establish that her defense counsel was constitutionally ineffective concerning her mental health care issues.

## VI.     Minimal or Minor Role

Last, Petitioner argues that counsel failed to argue mitigating factors at sentencing or object to the PSR based on her minimal or minor role in the scheme. Counsel, however, did argue mitigating factors in Petitioner's sentencing memorandum and at her sentencing hearing. Therefore, there is no factual basis to support Petitioner's first argument. In addition, trial counsel acted within the wide range of professional competence when he did not argue that Petitioner was entitled to a minor-participant reduction under U.S.S.G. § 3B1.2, because Petitioner's role in the scheme to defraud the United States was not limited, but extensive in light of her essential skills in preparing tax returns and electronically filing them. *See United States v. Wang,* 707 F.3d 911, 917 (7th Cir. 2013). Petitioner's argument that Robtrel White was more culpable does not diminish the fact that she actively participated in the scheme. *See United*

8

*States v. Sandoval-Velazco,* 736 F.3d 1104, 1107 (7th Cir. 2013) (defendant must show "that he was substantially less culpable than the average participant in the conspiracy"). Moreover, the Court imposed an enhancement pursuant to U.S.S.G. § 3B1.1(a) on Robtrel White for his role in the offense as an organizer and leader of criminal activity. Therefore, Petitioner's last ineffective assistance of trial counsel claim is without merit.

**II.    Evidentiary Hearing**

Because the motion, files, and records of this case conclusively show that Petitioner is not entitled to any relief under § 2255, the Court need not hold an evidentiary hearing under the circumstances. *See Yu Tian Li,* 648 F.3d at 532; *Koons v. United States,* 639 F.3d 348, 354-55 (7th Cir. 2011); 28 U.S.C. § 2255(b).

**III.   Certificate of Appealability**

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of her § 2255 motion, instead, she must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if she can make a substantial showing of the denial of a constitutional right. *See id.* at 336; *Fleming,* 676 F.3d 621, 625 (7th

9

Cir. 2012). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Petitioner has not established that jurists of reason would debate that the Court should have resolved her ineffective assistance of trial counsel claim differently, especially in light of defense counsel's overall performance that was constitutionally reasonable. *See Williams,* 557 F.3d at 538. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** October 28, 2014

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**